IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHANIE MOLLET and         §
MATTHEW MOLLET,         §
        §
       Plaintiffs,         §
        §
V.         §         No. 3:24-cv-552-L
        §
WAL-MART STORES TEXAS, LLC         §
D/B/A WALMART SUPER CENTER         §
#2649; WAL-MART REAL ESTATE         §
BUSINESS TRUST; WALMART,         §
INC.; AND ALLEN DURKIN,         §
        §
       Defendants.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Wal-Mart Stores Texas, LLC removed this case to this Court, asserting that "[r]emoval is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant Wal-Mart Stores Texas, LLC, Defendant Allen Durkin is improperly joined to defeat the Court's jurisdiction, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Dkt. No. 1 at 3; Dkt. No. 8 at 3.

Plaintiffs Stephanie Mollet and Matthew Mollet filed a Motion to Remand and Response to Allegation of Improper Joinder, *see* Dkt. No. 6 (the "First Motion to Remand"), asserting that "Wal-Mart has failed to demonstrate that there is no reasonable basis to predict that Plaintiffs might be able to recover against the in-state non-diverse store manager, Allen Durkin"; that "Wal-Mart has not met its

burden to establish improper joinder"; and that, "[a]ccordingly, the Court lacks diversity jurisdiction and is required to remand the case," Dkt. No. 6 at 7.

Around that time, the Court entered a Notice of Jurisdictional Deficiency, requiring Wal-Mart Stores Texas, LLC to file an amended notice of removal to cure the following jurisdictional deficiencies: (1) failing to establish that the amount in controversy exceeds $75,000 as required to support subject matter jurisdiction based on diversity; (2) failing to establishing by a preponderance of the evidence that the parties are completely diverse where Wal-Mart Stores Texas, LLC, "by merely pointing to the Plaintiffs' Petition, [Defendant Wal-Mart Stores Texas] states 'Plaintiffs are citizens of and domiciled in the State of Texas,' Doc. 1 at 2," but "Plaintiffs' Original Petition (Doc. 1-3) [] only states that they are individuals who 'reside in Texas,' Doc. 1 at 10, and, "[f]or diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient"; and (3) stating only that Defendant Walmart Real Estate Business Trust and Defendant Walmart, Inc., which were served, "were incorrectly named" without each "individually or jointly fil[ing] a responsive pleading." Dkt. No. 7 at 1-4 (cleaned up).

Defendant Wal-Mart Stores Texas, LLC then filed an Amended Notice of Removal, *see* Dkt. No. 8, and a Response to Plaintiffs' Motion to Remand, *see* Dkt. No. 9.

Plaintiffs then filed their Renewed Motion to Remand Responding to Allegations in Amended Notice of Removal, *see* Dkt. No. 10 (the "Renewed Motion to Remand"), in which they explain that "they expect that the Court will sua sponte

remand this action for Defendant Wal-Mart Stores Texas, LLC's failure to comply with the Court's order to cure all jurisdictional deficiencies in the Notice of Removal" but that, "in the event such action is not taken, Plaintiffs renew their" motion to remand on the basis "that Wal-Mart has failed to demonstrate that there is no reasonable basis to predict that Plaintiffs might be able to recover against the in-state non-diverse store manager, Allen Durkin," "Wal-Mart has not met its burden to establish improper joinder," and, "[a]ccordingly, the Court lacks diversity jurisdiction and is required to remand the case," Dkt. No. 10 at 1, 8.

Defendant Wal-Mart Stores Texas, LLC has not made another filing related to removal or jurisdiction.

United States District Judge Sam A. Lindsay has referred the First Motion to Remand [Dkt. No. 6] and Renewed Motion to Remand [Dkt. No. 10] to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) for hearing, if necessary, and to submit proposed findings and recommendations for disposition of the motions. *See* Dkt. No. 12 & 13.

For the reasons explained below, the Court should grant the Renewed Motion to Remand [Dkt. No. 10]; terminate as moot the First Motion to Remand [Dkt. No. 6]; determine that Defendant Wal-Mart Stores Texas, LLC, as the removing defendant, has failed to establish Plaintiffs' citizenships and, so, has failed to establish the existence of subject matter jurisdiction based on complete diversity of citizenship in this case; and remand this case to the 160th District Court of Dallas County, Texas, from which it was removed.

-3-

## Background

Through Plaintiffs' Original Petition and Jury Demand, Plaintiffs Stephanie Mollet and Matthew Mollet sued Wal-Mart Stores Texas, LLC d/b/a Walmart Super Center #2649, Wal-Mart Real Estate Business Trust, Walmart, Inc., and Allen Durkin in Texas state court, alleging that Plaintiff Stephanie Mollet "was an Invitee on property owned and/or controlled by the Defendants" and "had exited the premises after making a purchase and was walking through the crosswalk when she tripped on the deteriorated and cracked crosswalk pavement causing her to fall." Dkt. No. 8-4 at 13 of 67. Plaintiffs alleged that "[t]here were no warning and/or caution signs" and that "Defendants' failure to warn and/or to timely remedy the hazardous condition at the premises was the proximate cause of Plaintiffs' injuries and damages." *Id.* Plaintiffs allege a cause of action for negligence and respondeat superior. *See id.* at 13-17 of 67.

In its Notice of Removal, Defendant Wal-Mart Stores Texas, LLC alleges that "Plaintiffs are citizens of and domiciled in the State of Texas with their last known address being 4431 Norris Street, Dallas, Texas 75214" and that "Defendant has no evidence that indicates Plaintiffs do not intend to remain in the State of Texas." Dkt. No. 1 at 2. Defendant Wal-Mart Stores Texas, LLC also alleges that "Plaintiffs are domiciled in the State of Texas with their last known address being 4431 Norris Street, Dallas, Texas 75214 and are therefore citizens of Texas" and that, "[t]o Defendant's knowledge and belief, Plaintiffs intend to remain in the State of Texas." *Id.* at 3.

-4-

In the Court's Notice of Deficiency, the Court explained that "[t]he court has identified the following jurisdictional deficiencies in the [] Notice of Removal that must be cured by [] Defendant(s) by [] filing an amended [] Notice of Removal by **April 25, 2024**. Failure to do so will result in the sua sponte [] remand of this action for lack of subject matter jurisdiction." Dkt. No. 7 at 1. The Court explained that it found deficiencies in:

> **( x ) Jurisdiction Based on Diversity of Citizenship.** Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. [*Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).]
>
> **( x ) Natural Person.** A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted).

Dkt. No. 7 at 2. And the Court more specifically explained that,

> [a]fter reviewing the Notice of Removal and Plaintiffs' Petition, the court questions whether the parties are completely diverse as required to support subject matter jurisdiction based on diversity. Defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the parties are completely diverse. *De Aguilar v. Boeing Co.* (De Aguilar I), 11 F.3d 55, 58 (5th Cir. 1993). Defendant may satisfy this burden by demonstrating that it is facially apparent from Plaintiffs' Petition that the parties are citizens of different states, or by setting forth the facts in controversy that support a finding of complete diversity. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
>
> In its Notice of Removal (Doc. 1), by merely pointing to the Plaintiffs' Petition, Defendant states "Plaintiffs are citizens of and domiciled in the State of Texas." Doc. 1 at 2. Plaintiffs' Original Petition (Doc. 1-3), however, only states that they are individuals who "reside in

Texas." Doc. 1 at 10. "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston*, 485 F.3d at 799. Defendant provides no further facts in controversy to support, by a preponderance of the evidence, its jurisdictional allegations; therefore, Defendant's jurisdictional allegations regarding Plaintiffs' citizenships are deficient.

Dkt. No. 7 at 4.

In response, Defendant Wal-Mart Stores Texas, LLC filed an Amended Notice of Removal, which omitted some of the Notice of Removal's allegations as to Plaintiffs' citizenships and instead only alleges – in the same language used in the Notice of Removal – that "Plaintiffs are domiciled in the State of Texas with their last known address being 4431 Norris Street, Dallas, Texas 75214 and are therefore citizens of Texas" and that, "[t]o Defendant's knowledge and belief, Plaintiffs intend to remain in the State of Texas." Dkt. No. 8 at 3.

And, in Defendant's Response to Plaintiffs' Motion to Remand, Defendant Wal-Mart Stores Texas, LLC asserts that "Plaintiffs are now and were at the time of the filing of this action Texas residents residing and domiciled in Texas. *See* Plaintiffs' Original Petition at p. 1." Dkt. No. 9 at 3.

## Legal Standards

I.  <u>Diversity jurisdiction and general removal standards</u>

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a); *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020), as revised (Dec. 30, 2020).

"Except as otherwise expressly provided by Act of Congress," a defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a).

And, "[w]hen a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' [28 U.S.C.] § 1441(b)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

But "removal under [28 U.S.C.] § 1441(b)(2) is permissible only if complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant, i.e., there must be what is known as complete diversity." *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (cleaned up). And "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (cleaned up).

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up). And, so, "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

"As the party seeking removal, [a removing defendant] bear[s] the burden of proving both" complete diversity and that the amount in controversy satisfies the

jurisdictional minimum. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013); *see also Ascent Emergency Med. Ctr. LLC v. Zelis Claims Integrity, LLC*, No. 3:23-cv-2523-D, 2024 WL 2097708, at *2 (N.D. Tex. May 8, 2024) (explaining that a party moving for remand does not bear a "burden to prove that federal jurisdiction does *not* exist").

The burden of proving complete diversity requires that the removing defendant "asserting diversity jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020).

And a removing defendant can meet the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000" "in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (cleaned up). The defendant may meet its burden by this second route if it "sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

At the same time, the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v.*

*Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "When a requirement goes to subject matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented. Subject matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (cleaned up).

And Congress has dictated that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). But "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." *Id.*

II.    Improper joinder standards

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under the improper joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant." *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the

jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575.

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Where there is no dispute or allegation of actual fraud concerning the fact that both plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Under this second prong of the improper-joinder test, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood*, 385 F.3d at 573. "A mere

-10-

theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.* at 573 n.9 (cleaned up).

The Court conducts the "improper joinder analysis on the basis of claims in the state court complaint as it exists at the time of removal" and "will not entertain new theories not raised in state court." *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (cleaned up).

And the United States Court of Appeals for the Fifth Circuit has clarified that the federal pleading standard, not a state pleading standard, applies when determining whether a nondiverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016). The Federal Rule of Civil Procedure "12(b)(6)-type analysis ... is shorthand for the federal pleading standard itself ... promulgated by the Supreme Court in the *Bell v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

Under that standard, "[a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* at 200, 208 (cleaned up). And "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)

In making the improper-joinder determination, the Court will "evaluate all of

the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "any ambiguities of state law in the plaintiff's favor," and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (cleaned up); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (cleaned up).

But the Fifth Circuit has further instructed that, when examining the viability of the claims alleged in state court, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction." *Id.* at 575.

And, so, "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient," and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Id.*; *see also id.* at 574 (explaining that, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same

-12-

result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit" and that, "[i]n such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper" and, "[i]n such circumstance, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such").

But this "common defense" or "equally dispositive" exception to the improper joinder rule "is implicated only when the common defense asserted would be equally dispositive as to *all* of the defendants." *McDonal*, 408 F.3d at 184 (emphasis in original). That is, "[i]f, but only if, the showing which forecloses [a plaintiff's] claims against the non-diverse defendants necessarily and equally compels foreclosure of all their claims against all the diverse defendants, then [this 'common defense' exception] applies and there was no improper joinder, meaning that the entire case should be remanded for want of subject matter jurisdiction." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 391 (5th Cir. 2005) (cleaned up).

But, if the Court "concludes that the common defense proffered would not dispose of every claim against every defendant," and the Court otherwise finds improper joinder of the non-diverse defendant, the Court "should continue to deny remand and proceed with the proper disposition of the case." *McDonal*, 408 F.3d at 184 (cleaned up).

Ordinarily, the court must conduct a Rule 12(b)(6)-type analysis by examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200,*

-13-

*Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). But, if the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

At the same time, the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574.

Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

"In considering whether a nondiverse party was improperly joined under *Smallwood*, the court is only considering jurisdiction." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1049 (5th Cir. 2021) (cleaned up). "If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party." *Int'l Energy*, 818 F.3d at 209.

And, so, "[w]hen a district court "determines that a nondiverse party has been

improperly joined to defeat diversity, that party must be dismissed without prejudice." *Ticer*, 20 F.4th at 1049 (cleaned up). And, if the removing "defendant fails to prove the [nondiverse defendant's] joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Smallwood*, 385 F.3d at 575.

## Analysis

I.    <u>Wal-Mart Stores Texas, LLC has failed to establish Plaintiffs' citizenships.</u>

The Court warned Defendant Wal-Mart Stores, LLC that "its jurisdictional allegations [in its Notice of Removal] regarding Plaintiffs' citizenships are deficient" and that, "'[f]or diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient.'" Dkt. No. 7 at 4 (quoting *Preston*, 485 F.3d at 799).

Defendant Wal-Mart Stores Texas, LLC's Amended Notice of Removal alleges that "Plaintiffs are domiciled in the State of Texas with their last known address being 4431 Norris Street, Dallas, Texas 75214 and are therefore citizens of Texas" and that, "[t]o Defendant's knowledge and belief, Plaintiffs intend to remain in the State of Texas." Dkt. No. 8 at 3.

Plaintiffs respond in their Renewed Motion to Remand that, "[i]n its order dated April 11, 2024, this Court identified three jurisdictional defects with the Notice of Removal"; that "[a]t least two have not been cured"; and that, in particular, "the removing Defendant has not met its burden to support by a preponderance of the evidence its jurisdictional allegations that Plaintiffs are domiciled in Texas by

saying '[t]o Defendant's knowledge and belief, Plaintiffs intend to remain in the State of Texas.'" Doc. 10 at 3.

The Court should find that Defendant Wal-Mart Stores Texas, LLC still has not sufficiently alleged, distinctly and affirmatively, Plaintiffs' citizenships.

The Court has previously explained that "[a]llegations pertaining to citizenship that are made on 'information and belief' are likewise insufficient to establish citizenship, as 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.'" *Peak Pipe & Supply, LLC v. UMW Oilfield (L) Int'l Ltd.*, No. 3:18-cv-410-L, 2018 WL 11420593, at *1 (N.D. Tex. Oct. 30, 2018) (quoting *Pennie v. Obama*, 255 F. Supp. 3d 648, 669 & 671 (N.D. Tex. 2017) (quoting *Getty Oil*, 841 F.2d at 1259)).

But, even if pleading on "knowledge and belief" was sufficient in this context, the Court also recently explained that

> [a] natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." Id. at 798 (citation omitted). Thus, while citizenship is synonymous with domicile, it is not synonymous with residency because individuals can have more than one residence. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'") (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Further, the party seeking to establish

-16-

jurisdiction based on diversity "must offer more than conclusory statements" to establish citizenship. *Preston*, 485 F.3d at 803.

  In *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

"Additionally, '[a] litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts.'" *Id.* (quoting *Coury*, 85 F.3d at 251). As the Fifth Circuit has explained decades ago, "[w]hat is in another man's mind must be determined by what he does as well as by what he says"; "[w]ords may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there"; and, "[i]n such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) (citation omitted).

The Amended Notice of Removal's allegations regarding Plaintiffs' citizenships are still insufficient for the Court to determine whether it has subject matter jurisdiction over this action based on diversity of citizenship.

The Amended Notice of Removal omits the Notice of Removal's allegation that

-17-

"Defendant has no evidence that indicates Plaintiffs do not intend to remain in the State of Texas." *Compare* Dkt. No. 1 at 2, *with* Dkt. No. 8. But the Amended Notice of Removal still "contains no facts or evidence from which the court can determine [Plaintiffs'] domicile[s] and citizenship[s]." *Johnson v. Walmart, Inc.*, No. 3:23-cv-1566-L, 2024 WL 846257, at *2 (N.D. Tex. Feb. 27, 2024). And the Amended Notice of Removal does "not address any of the factors listed in *Coury*." *Union Pac.*, 2024 WL 2970013, at *1.

The Amended Notice of Removal instead – as in the Notice of Removal on the basis of which the Court entered its Notice of Deficiency – offers conclusory statements that "Plaintiffs are domiciled in the State of Texas" based on a last-known residential address and that, based on Defendant Wal-Mart Stores Texas, LLC's "knowledge and belief" (without further explanation), "Plaintiffs intend to remain in the State of Texas." Dkt. No. 8 at 3.

Defendant Wal-Mart Stores Texas, LLC "has, therefore, failed to satisfy its burden of establishing the existence of subject matter jurisdiction based on complete diversity of citizenship between it and [Plaintiffs], despite being given the opportunity to cure this jurisdictional deficiency." *Union Pac.*, 2024 WL 2970013, at *1.

"Accordingly, remand on this ground alone is necessary, as the court 'must presume that a suit lies outside [its] limited jurisdiction,' *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and '[a]ny ambiguities are construed against removal and in favor of remand to state court.' *Mumfrey v. CVS Pharmacy, Inc.*, 719

F.3d 392, 397 (5th Cir. 2013)." *Johnson*, 2024 WL 846257, at *2.

II.    The Court need not reach other jurisdictional deficiencies or remand grounds.

Because the removing defendant failed to establish Plaintiffs' citizenships as a necessary condition to establishing complete diversity, the Court need not address whether the removing defendants established that the amount in controversy exceeds $75,000, including based on Plaintiffs' alleged pre-suit settlement demand. *See* Dkt. No. 8 at 7-8.

And the Court need not address whether Defendant Allen Durkin was improperly joined by conducting an analysis that would be required only if he and Plaintiffs shared Texas citizenships. *See Jackson v. Retail Servs. & Sys., Inc.*, No. 3:24-cv-377-BN, 2024 WL 1810472, at *4 (N.D. Tex. Apr. 25, 2024) ("Because the improper joinder doctrine is a narrow exception to complete diversity, it is not applicable to a diverse defendant.").

Neither must the Court address Plaintiffs' argument in their Renewed Motion to Remand that, "although served, Defendants Walmart Real Estate Business Trust and Defendant Walmart, Inc. have not filed Answers nor joined in the Notice of Removal." Dkt. No. 10 at 3; *see generally Quiroga v. Denha*, No. 1:20-CV-236-RP, 2020 WL 13199008, at *2 (W.D. Tex. Aug. 12, 2020) ("The procedural requirements for removal are found in 28 U.S.C. § 1446(b), and 28 U.S.C. 1447(c) authorizes remand for procedural noncompliance when the noncompliance is timely raised by the party seeking remand. 28 U.S.C. § 1447(c) ('A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made

-19-

within 30 days after the filing of the notice of removal under section 1446(a).'). One of the procedural requirements of section 1446(b), frequently referred to as the 'rule of unanimity,' is that 'all defendants who have been properly joined and served must join or consent to the removal of the action.' 28 U.S.C. § 1446(b)(2)(A)[.]"), *rep. & rec. adopted*, 2020 WL 13199002 (W.D. Tex. Dec. 14, 2020); *Exch. Servs., Inc. v. Seneca Ins. Co.*, No. 3:15-cv-1873-M, 2015 WL 6163383, at *2 (N.D. Tex. Oct. 16, 2015) ("However, a defendant's failure to comply with the procedural requirements of § 1446(b) regarding unanimity of timely consent does not strip the court of subject matter jurisdiction. Therefore, if the non-removing party does not object within thirty days of removal, that party waives its right to remand based on that procedural defect." (cleaned up)).

## Recommendation

For the reasons explained above, the Court should grant the Renewed Motion to Remand [Dkt. No. 10]; terminate as moot the First Motion to Remand [Dkt. No. 6]; determine that Defendant Wal-Mart Stores Texas, LLC, as the removing defendant, has failed to establish Plaintiffs' citizenships and, so, has failed to establish the existence of subject matter jurisdiction based on complete diversity of citizenship in this case; and remand this case to the 160th District Court of Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: July 3, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE