IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STEPHANIE MOLLET and MATTHEW MOLLET,** § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. **3:24-cv-00552-L** |
| § | |
| **WAL-MART STORES TEXAS LLC, WAL-MART REAL ESTATE BUSINESS TRUST, and ALLEN DURKIN,** § § § § § | |
| Defendants. § | |

## ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge David Horan (Doc. 14) ("Report"); Plaintiffs' First Motion to Remand (Doc. 6), filed on April 5, 2024; Plaintiffs' Renewed Motion to Remand (Doc. 10), filed on April 30, 2024; Defendant's Motion for Leave to Take Jurisdictional Depositions of Plaintiffs (Doc. 15), filed on July 16, 2024; and Defendant's Objection to the Report (Doc. 17), filed on July 26, 2024.

After making an independent review of the Motions, file, and record in this case, the magistrate judge's Report, and Objections, the court determines that the findings and conclusions of the magistrate judge are correct. The magistrate judge's findings and conclusions are, therefore, **accepted** as those of the court. Accordingly, the court **grants** the Renewed Motion to Remand (Doc. 10); **terminates as moot** the First Motion to Remand (Doc. 6); the court **remands** this case to the 160th District Court of Dallas County, Texas, from which it was

removed and **overrules** Petitioner's Objections to the Magistrate Judge's Findings, Conclusions and Recommendations; and **denies** Defendants Motion for Leave.

## I.      Factual and Procedural History

Stephanie Mollet and Matthew Mollet ("Plaintiffs'") sued Wal-Mart Stores Texas, LLC ("Walmart"), and Allen Durkin (collectively, "Defendants") in Texas state court, alleging that Ms. Mollet, who "was an invitee" on Walmart's property exited the store and tripped on a "deteriorated and cracked crosswalk pavement causing her to fall." (Doc. 8 at 13). According to Plaintiffs, Defendants failed to warn or remedy the deteriorated and cracked crosswalk in a timely manner. *Id.* As a result, Plaintiffs allege a cause of action for negligence and *respondeat superior*. *See id.* at 13-17.

Defendants removed this case to Federal Court alleging that "Plaintiffs are citizens of and domiciled in the State of Texas with their last known address being 4431 Norris Street, Dallas, Texas 75214" and that "Defendant has no evidence that indicates Plaintiffs do not intend to remain in the State of Texas." (Doc. No. 1 at 2). Walmart alleged that Allen Durkin was improperly joined and that the court should ignore his citizenship for diversity purposes. *Id.* On April 11, 2024, the court entered a Notice of Jurisdictional Deficiency and required Walmart to file an Amended Notice of Removal to cure the defects. (Doc. 7). In response, Walmart filed an Amended Notice of Removal, which omitted minimal language that did not cure the defect. (Doc. 8.) The court referred the First Motion to Remand and Renewed Motion to Remand to United States Magistrate Judge David Horan for review. (Docs. 12 and 13).

## II. Magistrate Judge's Report and Recommendation (Doc. 14) and Defendant's Objection to Report (Doc. 16.)

### A. Report Recommendations

On July 3, 2024, the Report of the United States Magistrate Judge David Horan (Doc. 14) was entered, recommending that the court **grant** the Renewed Motion to Remand (Doc. 10); **terminate as moot** the First Motion to Remand (Doc. 6); determine that Defendant Wal-Mart Stores Texas, LLC, as the removing defendant, has failed to establish Plaintiffs' citizenships and, so, has failed to establish the existence of subject matter jurisdiction based on complete diversity of citizenship in this case; and **remand** this case to the 160th District Court of Dallas County, Texas, from which it was removed.

In support of this recommendation, the Report concluded that Walmart did not cure the jurisdictional defects and had not sufficiently alleged "distinctly and affirmatively, Plaintiffs' citizenships." Report 16. Defendants' assertions regarding Plaintiff's citizenship have to be alleged by more than belief, which Defendants have not done. *Id.* at 17. The Amended Notice of Removal is insufficient for the court to determine whether it has subject matter jurisdiction. *Id.* Walmart was given an opportunity to cure the deficiency but has not done so. As a result, Defendants' have not met the burden of establishing the existence of subject matter jurisdiction based on complete diversity of citizenship. *See id.* at 18.

Finally, because the removing defendant failed to establish Plaintiffs' citizenship, the Report concludes that the court need not reach other jurisdictional deficiencies or remand grounds. *Id.* For these reasons, the Report recommends that the court **grant** the Renewed Motion to Remand (Doc. 10); **terminate as moot** the First Motion to Remand (Doc. 6); determine that Defendant Wal-Mart Stores Texas, LLC, as the removing defendant, has failed to establish

Plaintiffs' citizenships and, so, has failed to establish the existence of subject matter jurisdiction based on complete diversity of citizenship in this case; and **remand** this case to the 160th District Court of Dallas County, Texas, from which it was removed.

B. <u>Defendant's Objection (Doc 16.)</u>

On July 17, 2024, Walmart filed an Objection to the Report (Doc. 16). Walmart objects to the magistrate judge's findings that Walmart failed to determine the Plaintiffs' citizenship and that the case should be remanded because they contend that discovery is necessary to meet its burden. Def's. Obj. 3. Walmart further asserts that the court has "placed the cart before the horse" and asks the court to grant Defendant's Motion for Leave to Take Jurisdictional Depositions of Plaintiffs (Doc. 15). Def's. Obj. 3.

In response, Plaintiffs' contend that failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 805 (5th Cir. 1991). They contend that because Walmart failed to adequately allege the basis for diversity, despite the warning, Walmart's Objection should be overruled. Pls.' Obj. 4. They ask the court to remand the case consistent with the Report. *Id.*

The Report correctly states that Walmart failed to establish Plaintiffs' citizenships and has failed to establish the existence of subject matter jurisdiction based on complete diversity of citizenship in this case. The court disagrees with Walmart. It did not "put the cart before the horse"; instead, Walmart failed to cure the defects as ordered. Accordingly, this objection is **overruled.**

III. Defendant's Motion for Leave (Doc. 15)

Walmart seeks leave to take Jurisdictional Depositions of Plaintiffs Stephanie Mollet and Matthew Mollet to resolve the issue of complete diversity of citizenship. (Doc. 15) Walmart

contends that without leave, they are precluded from seeking the appropriate relief and must be afforded the chance to obtain the necessary testimony. *Id.* They seek to have two 30-minute depositions by Zoom to establish citizenship. *Id*.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance,* 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

On April 11, 2024, the court ordered Defendants to cure all jurisdictional deficiencies. (Doc.7). It warned Defendants that failure to do so would result in the *sua sponte* remand of this action for lack of subject matter jurisdiction. *Id.* The Amended Notice of Removal filed by Defendant Walmart **only** omitted some of the language in the original Notice of Removal. (Doc. 8). The Amended Notice, like the Original Notice, did not address the deficiencies as ordered. Accordingly the court will **deny** Defendants Motion for leave to take Jurisdictional Depositions.

### IV.     Conclusion

After making an independent review of the Motions, file, and record in this case, the magistrate judge's Report, and Objections, the court determines that the findings and conclusions of the magistrate judge are correct. The magistrate judge's findings and conclusions are, therefore, **accepted** as those of the court. Accordingly, the court **grants** the Renewed Motion to Remand (Doc. 10); **terminates as moot** the First Motion to Remand (Doc. 6); **remands** this case

to the 160th Judicial District Court of Dallas County, Texas, from which it was removed, and **overrules** Petitioner's Objections to the Magistrate Judge's Findings, Conclusions and Recommendations; and **denies** Defendants Motion for Leave leave to take Jurisdictional Depositions. The Clerk of Court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 28th day of August, 2024.

Sam A. Lindsay
United States District Judge